UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MATTHEW LOUIS MERCADO,

                              Plaintiff,

            -against-

SRG MARTINEZ; SRG JOHN DOE,

                              Defendants.

**ORDER OF SERVICE**

25-CV-8855 (PMH)

PHILIP M. HALPERN, United States District Judge:

Plaintiff, who currently is incarcerated at Eastern Correctional Facility, brings this action *pro se*. Plaintiff asserts claims, under 42 U.S.C. § 1983, for alleged violations of his constitutional rights at Green Haven Correctional Facility. By separate order, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.[1]

## DISCUSSION

**A.      Order to Identify Defendants**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the New York State Department of Corrections and Community Supervision (DOCCS) to identify John Doe Sergeant at Green Haven Correctional Facility who was on duty monitoring E-5 Gallery, Cell 282, on the morning of September 21, 2025. In addition, Plaintiff names Sergeant Martinez in connection with events on the same date but does not include his full name or badge number.

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

It is therefore ordered that the New York State Attorney General, who is the attorney for and agent of the DOCCS, ascertain the identity and badge number of each defendant whom Plaintiff seeks to sue here and the address where the defendant may be served. The New York State Attorney General must provide this information to Plaintiff and the Court within sixty days of the date of this order.

The Court will deem the complaint amended once the proper parties are identified and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the named defendants and to deliver to the U.S. Marshals Service all documents necessary to effect service.[2]

## B.    Automatic Discovery

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[3]

## CONCLUSION

The Clerk of Court is directed to mail to Plaintiff an information package and an "Amended Prisoner Civil Rights Complaint" form.

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not effect service until the Court reviewed the complaint, 28 U.S.C. § 1915A, and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

[3] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

3

The Clerk of Court is further directed to mail a copy of this order and the complaint to the New York State Attorney General at: 28 Liberty Street, 16th Floor, New York, N.Y. 10005.

Local Civil Rule 33.2 applies to this action.

SO ORDERED.

Dated:   April 3, 2026
         White Plains, New York

_____
PHILIP M. HALPERN
United States District Judge