UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MATTHEW LOUIS MERCADO,

Plaintiff,

-against-

SRG MARTINEZ, et al.,

Defendants.

**ORDER OF SERVICE**

25-CV-8855 (PMH)

PHILIP M. HALPERN, United States District Judge:

Plaintiff brings this action, *pro se*, alleging that Defendants violated his constitutional rights at Green Haven Correctional Facility. By order dated April 3, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. Also on April 3, 2026, the Court issued an Order of Service directing the New York State Attorney General to ascertain the identity and badge number of each defendant whom Plaintiff seeks to sue here and the address where the defendant may be served. On October 2, 2026, the New York State Attorney General's Office identified the address for named defendant Srg Martinez.

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

[1]Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

To allow Plaintiff to effect service on Defendant Martinez through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant Martinez. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant Martinez.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to issue a summons, complete the USM-285 form with the address for Defendant Martinez, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail a copy of this order and the complaint to the New York State Attorney General at: Managing Attorney's Office, 28 Liberty Street, 16th Floor, New York, NY 10005.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED**.

Dated: White Plains, New York
October 5, 2026

PHILIP M. HALPERN
United States District Judge

**SERVICE ADDRESS FOR DEFENDANT**

1. Sergeant Michael Martinez
   Badge No. 04863
   Green Haven Correctional Facility
   594 Rt. 216
   Stormville, NY 12582-0010